IZARD *v.* ARK. SAVINGS & LOAN ASSOCIATION BOARD

5-3583                                                    393 S. W. 2d 245

Opinion delivered June 7, 1965.

[Rehearing denied September 20, 1965.]

*Thomas Harper,* for appellant.

*William H. Bowen,* for appellee.

FRANK HOLT, Associate Justice. Appellants bring this appeal from a judgment of the Circuit Court of Pulaski County affirming a decision of the Arkansas Savings and Loan Association Board denying appellants' application for a charter to do business as a savings and loan association in Van Buren, Crawford County, Arkansas.

Ark. Stat. Ann. § 67-1824 (Supp. 1963) [Act 227 of 1963] requires that before approving a charter application the Board must affirmatively find: (1) that all the prerequisites for the approval of a charter set forth in the act have been compiled with; (2) that the applicants are financially fit and qualified as to integrity and responsibility; (3) that there is a public need for the proposed association and prospects for its successful operation exist; and (4) that the granting of the application would not unduly harm any existing savings and loan association or other financial institution. The Board conducted a hearing and found from the evidence adduced that appellants had met all the enumerated requirements except the showing of a public need for the proposed association and that the venture would be successful. Accordingly, the application was denied. The findings of the Board are conclusive if supported by substantial evidence. Ark. Stat. Ann. § 67-1811. On appeal appellants contend for reversal that there is no substantial evidence to sustain the Board's denial of the application.

The granting of the application was protested by five building and loan associations of Fort Smith, Arkansas. They presented two witnesses who are officials from those organizations. They testified, *inter alia,* that in their opinion there was no need for a savings and loan association in Van Buren and if one were chartered, it had no prospect of a successful future. It was stipulated by the parties that other officials of these organizations would corroborate this testimony. A careful review of

the record reflects that the testimony of the protestants is largely a matter of conclusions without a sufficient or satisfactory explanation of the facts upon which the conclusions or opinions are based. We have held that such evidence is insubstantial in nature. *Arkansas State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738; *Couch* v. *Rockafellow,* 205 Ark. 1153, 172 S. W. 2d 920. See, also, *Hawkins* v. *Celebreeze,* 210 F. Supp. 351 (Western Dist. Arkansas 1962).

Appellants presented numerous local witnesses in behalf of their application. These witnesses were representatives from banking, insurance, real estate, farming, city officials, the chamber of commerce, school officials and other professions. They testified there was a definite need for the proposed facility in Van Buren and Crawford County although they admitted they had no ''quarrel'' with the protestants. It is undisputed there is no savings and loan association in Van Buren [population 6,787, 1960 census] or Crawford County [population 21,318, 1960 census]. The five protestants are located in Fort Smith in an adjoining county five miles distant across the Arkansas River. The next nearest savings and loan association is located in Clarksville in Johnson County which is 55 miles distant. There was evidence that ten savings and loan associations are being operated successfully in the state in various cities having considerably less population than Van Buren. In one of these smaller cities there are two successful savings and loan associations. There was evidence that Van Buren has one of only four of the Port Authorities in Arkansas and is enjoying an unusual period of growth with the building construction in the past year being phenomenal. Since 1958 the two banks in the county [Van Buren and Alma] have doubled their business operations. There has been a steady increase in school enrollment requiring an expansion of the school facilities. The tenor of appellants' evidence is that the proposed savings and loan association is needed and would be a successful venture.

We are of the opinion that the appellants met the requirement that a public need existed for the proposed

association in Van Buren and Crawford County, that it would be a successful operation, and, further, there is no substantial evidence to the contrary.

The judgment is reversed and the cause remanded to the circuit court with directions to enter a judgment requiring the Board to grant the application.

Reversed and remanded.