MORRILTON FEDERAL SAVINGS & LOAN
ASSN. et al v. ARKANSAS VALLEY SAVINGS &
LOAN ASSN. et al

5-4352 420 S. W. 2d 923
Opinion delivered December 4, 1967

*Allen Laws Jr., Phillip H. Loh, Lester & Shults,* for appellants.

*Ben Allen,* for appellees.

GEORGE ROSE SMITH, Justice. The appellees applied to the Savings and Loan Association Board for a charter under which they would do business as the Arkansas Valley Savings & Loan Association, in Russellville. The application was opposed by two Russellville banks and by three savings and loan associations—one at Russellville, one at Clarksville, and one at Morrilton. After an extensive hearing, at which much testimony was heard, the Board granted the charter. The circuit court affirmed the Board's decision. Here the appellants insist that the appellees failed to prove four of the statutory conditions to the issuance of a charter.

For convenience we will discuss together the appellants' two principal contentions, which are interwoven. It is argued that the proof fails to show that there is a public need for the new association and that its operation will not unduly harm other financial institutions in the area. Ark. Stat. Ann. § 67-1824 (Repl. 1966). It is conceded that the substantial evidence rule governs our review in a case of this kind. Section 67-1811; *Izard* v. *Arkansas Sav. & Loan Assn. Board,* 239 Ark. 670, 393 S. W. 2d 245 (1965).

We find an abundance of proof to show that the new association is needed. The firm will operate mainly

in Pope and Yell counties. The applicants' testimony forecasts a vigorous economic growth for that part of the state. With the impending navigability of the Arkansas river cheap water transportation is in sight. The huge Dardanelle Reservoir supplies electric power, recreation, and homesites for retired citizens. The section is served by rail and by an interstate highway. Natural gas, electricity, water, and coal are available in liberal quantities, as attractions to new industries.

There is a need for another financial institution. It is not the policy of the Russellville banks to make long-term loans, which are required in the financing of residential subdivisions. Until the present application was filed the existing savings and loan association at Russellville had hardly been energetic in seeking to expand its business. Its advertising budget was small. Its share of the local outstanding loans was materially smaller than the national average for such institutions. There is proof that at times its available lending capital was inadequate. This comparative inactivity may have been due in part to the fact that of its seven directors three were also bank directors and a fourth was a substantial stockholder in a local bank. Moreover, both the savings and loan association at Morrilton and the one at Clarksville have a substantial volume of loans in Russellville despite certain inconveniences, such as the matter of appraisals, in the making of out-of-county loans.

Similar considerations indicate that the Arkansas Valley association will not unduly harm the other financial institutions. In fact, the witness Harold Neal, president of one of the protesting banks, gave his reasons for believing that savings and loan associations do not really compete with banks. There is proof that fears similar to those now expressed by the appellants were voiced when a second bank at Dardanelle was proposed in 1958 or 1959, but it turned out that both the old bank and the new one prospered. On the whole, the record contains more than sufficient proof to sustain the Board's findings upon the first two points.

The protestants' third contention is that the evidence does not show that the character, responsibility, and general fitness of the persons who will serve as directors and officers are such as to warrant belief that the association will have qualified full-time management. Section 67-1824. There is really no serious question about the character, responsibility, and general fitness of the appellees. They testified that a qualified and experienced full-time manager would be employed. We do not read the statute as requiring that the manager be employed before the charter is issued. That step would not ordinarily be practical, for, as in the case at bar, a year or two may elapse between the application for the charter and the commencement of business by the association. Too, the Board could assume that simple self-interest on the part of those investing in the new venture would make it reasonably certain that they would seek competent management.

Fourth, it is said that there is no showing that the Arkansas Valley association has filed satisfactory evidence that its savings accounts will be insured by an appropriate federal agency. Section 67-1831. The statute, however, does not require such proof before the charter is approved. It merely states that the association shall not carry on business until such evidence has been filed. Hence the appellants' present objection is premature.

Affirmed.