ARKANSAS SAVINGS AND LOAN ASSOCIATION
BOARD et al *v.* CENTRAL ARKANSAS SAVINGS
& LOAN ASSOCIATION

74-56                                    510 S.W. 2d 872

Opinion delivered July 1, 1974

*Smith, Williams, Friday, Eldredge & Clark,* by: *William L. Patton Jr.* and *Hermann Ivester,* for appellants.

*Lester and Shults,* by: *Edward Lester,* for appellee.

GEORGE ROSE SMITH, Justice. In 1973 the appellee, Central Arkansas Savings & Loan Association, applied to the Arkansas Savings and Loan Association Board for a charter to begin business as a savings and loan association in the city of Conway. The application was resisted by the Security Savings & Loan Association of. Conway, which had been chartered in 1961.

A three-member quorum of the five-member Board considered the application after an extended hearing. By a 2-0 vote the Board denied the application, finding, in the language of the statute, that there is not a public need for the proposed association and that the volume of business in the area is not sufficient to indicate a successful operation. Ark. Stat. Ann. § 67-1824 (Repl. 1966). On appeal the circuit court set aside the Board's decision, finding it to be without substantial supporting evidence.

At the outset the appellee contends that the Board erred in failing to make specific findings of underlying facts, as required by this provision of the Administrative Procedure Act: "A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Ark. Stat. Ann. § 5-710 (Supp. 1973). The appellee argues that the Board's failure to make the required statement of underlying facts justified the circuit court in reviewing the evidence and determining that there was no basis for the Board's conclusion. The appellants (the Board itself and the protesting association) describe the Board's error as "minor and inconsequential" and insist that the appellee cannot raise the point in this court, because it was not raised in the circuit court.

We cannot agree entirely with either position. To begin with, the requirement that the underlying facts be concisely and explicitly stated is primarily for the benefit of the reviewing courts and therefore cannot be waived by a litigant. Moreover, the Board's failure to comply with the statute is not a minor and inconsequential matter.

Professor Davis summarizes the law accurately in §

16.05 of his Administrative Law Treatise (1958):

> The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.

* * * *

> The language of Mr. Justice Cardozo, in a case in which the Court could do no more than get an impression that the Commission may have acted properly, is often quoted: 'The difficulty is that it has not said so with the simplicity and clearness through which a halting impression ripens into reasonable certitude. In the end we are left to spell out, to argue, to choose between conflicting inferences. Something more precise is requisite in the quasi-jurisdictional findings of an administrative agency. . . . We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' [*United States* v. *Chicago, M., St. P. & P. R.R.*, 294 U.S. 499 (1935).]

Equally pertinent to the case at hand is a statement by the Oklahoma Supreme Court in *Oklahoma Insp. Bur.* v. *State Bd. for Prop. & Cas. Rates*, 406 P. 2d 453 (1965): "The findings are insufficient because there was a failure to incorporate therein a proper and acceptable finding of the basic or underlying facts drawn from the evidence. The Board's decision only amounts to the statement 'We have heard the evidence. The evidence does not meet the requirements of the law.' This is not enough."

The record before us is so voluminous that the appellants' abstract runs to more than 300 printed pages. We find not only what appears to be basically factual testimony

but also what appear to be conclusions on the part of witnesses. We have no way of knowing what specific facts the Board relied upon in denying the application. We are left, in Cardozo's words, "to spell out, to argue, to choose between conflicting inferences." We hardly need to add that the courts cannot supply the deficiencies by weighing the evidence themselves; that responsibility belongs to the administrative agency, which sees the witnesses as they testify. *Dura Craft Boats* v. *Daugherty*, 247 Ark. 125, 444 S.W. 2d 562 (1969).

The judgment is reversed and the cause remanded, through the circuit court, to the Board for such further proceedings as may be necessary.

The Chief Justice would affirm the judgment.