## FIRST FEDERAL SAVINGS & LOAN ASSOC. of MALVERN, ARK. *v.* ARKANSAS SAVINGS & LOAN ASSOC. BOARD, ET AL

74-331                                    521 S.W. 2d 542

### Opinion delivered April 14, 1975

*Hall, Tucker & Lovell,* for appellant.

*Harold E. Anderson, Jr.,* for appellee Arkansas Savings & Loan Bd., *Stubblefield & Matthews,* for appellee First Security Savings & Loan Ass'n. of Hot Spring County.

LYLE BROWN, Justice. On October 24, 1973, an application was filed with the Arkansas Savings & Loan Association Board for a state chartered association to be located in Malvern, Hot Spring County, and to be known as First Security Savings & Loan Association of Hot Spring County. Protests to the application were filed by Malvern National Bank, Bank of Malvern, and First Federal Savings & Loan Association of Malvern. After a pre-hearing conference and a public hearing the application for the proposed charter was granted. The circuit court affirmed. Appellant here is First Federal Savings & Loan Association of Malvern, and the

appellees are Arkansas Savings & Loan Association Board and First Security Savings & Loan Association of Hot Spring County.

At the outset of this appeal First Federal argues that the Board erred in failing to make specific findings of underlying facts, as required by a provision in the Administrative Procedure Act. Ark. Stat. Ann. § 5-710 (b) (Suppl. 1973) which states:

> "In every case of adjudication a final decision or order shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."

The quotation is a part of the Administrative Procedure Act, and of course applies to most every state board such as Arkansas Savings & Loan Board, appellee here.

We have taken a hard line on the proposition that the quoted statute must be followed. We have so stated in two very recent opinions. *Arkansas S. & L. Bd.* v. *Central Ark. S. & L.*, 256 Ark. 846, 510 S.W. 2d 872 (1974); *First State B. & L. Ass'n* v. *Arkansas S. & L. Bd.*, 257 Ark. 599, 518 S.W. 2d 507 (1975).

In the hope that it will prove helpful to the administrative boards, the trial courts and attorneys, we shall set out the order, paragraph by paragraph, entered by the Board and compare them with the requirements of Ark. Stat. Ann. § 67-1824 (Supp. 1973).

### Section (1) of § 67-1824

"All the prerequisites for the approval of the charter set forth in this Act (Sections 67-1801 — 67-1862) have been complied with."

### Board's Order:

"1. That an application for charter containing the

items required by Section 16 of Act 227 of 1963 has been properly filed with the Supervisor of the Board by First Security Savings and Loan Association of Hot Spring County, Malvern, Arkansas.

"2. That the application for charter and supporting documents of First Security Savings & Loan Association of Hot Spring County complies with all of the prerequisites for the approval of a charter as set forth in Act 227 of 1963, as amended, and the rules and regulations of the Arkansas Savings and Loan Association Board.".

Findings No. 1 and No. 2 merely paraphrase Section (1) and are not accompanied by a concise and explicit statement of the underlying facts supporting the findings.

### Section (2) of § 67-1824

"The character, responsibility and general fitness of the persons named in the articles of incorporation and who will serve as directors and officers of such Association are such as to command confidence and warrant belief that the business of the proposed association will be honestly and efficiently conducted in accordance with the intent and purpose of this act and the proposed association will have qualified full-time management."

### Board's Order:

"3. That the information submitted to the Board demonstrates that those persons named in the Articles of Incorporation and who will serve as officers and directors of First Security Savings & Loan Association of Hot Spring County, possess a general background reflecting the responsibility, character and general fitness necessary to instill confidence and convey the belief that the business pursued by the Association will be conducted efficiently and with the honesty and integrity by Act 227 of 1963, as amended.

"4. That First Security Savings & Loan Association of Hot Spring County will have qualified full-time

management in that it will submit to the Supervisor of the Board detailed biographical information and a personal financial statement of the proposed full-time managing officer, and said managing officer will not be employed until it is determined by the Supervisor of the Board that he is qualified."

Finding No. 3 simply rearranges the wording found in Ark. Stat. Ann. § 67-1824 (2) (Suppl. 1973). The finding is devoid of any concise and explicit statement of the underlying facts supporting the finding.

Finding No. 4 states that the applicant will have qualified full-time management which is verbatim from the requirement of Section 67-1824 (2). The finding goes on to say that the applicant will submit information on the managing officer who will not be employed until the Supervisor determines that he is qualified. A careful reading of the statute requires the Board, not the Supervisor, to find that the proposed association will have qualified full-time management. The Board has not made this affirmative finding but has delegated that statutory requirement to the Supervisor of the Board. This is in violation of the statute.

Section (3) of § 67-1824

"There is a public need for the proposed association and the volume of business in the area in which the proposed association will conduct its business is such as to indicate a successful operation."

Board's Order:

"5. As indicated by the application, exhibits thereto, and testimony of the witnesses on behalf of the applicant, it is found that there exists a public need at the present time for First Security Savings & Loan Association of Hot Spring County because of the area's untapped savings potential and the unsatisfied demand for long-term loans.

"6. That the volume of business in the areas sur-

rounding and including Malvern, Arkansas, where First Security Savings & Loan Association of Hot Spring County will conduct its business is sufficient to indicate a successful operation based on the evidence submitted to the Board of the area's savings potential, demand for long-term loans and overall economic growth."

Findings No. 5 and No. 6 are again a mere recital of the statutory language of Ark. Stat. Ann. § 67-1824 (3) (Suppl. 1973). Finding No. 5 merely states that there exists a public need from the application, exhibits thereto and testimony of the witnesses. There is no explicit statement of the underlying facts supporting this finding as well as the finding that the volume of business is sufficient to indicate a successful operation. There is total absence of any fact, figure or computation constituting an underlying fact which formed the basis for the statutory language used. We have no way of knowing what specific facts the Board relied upon in making this finding.

## Section (4) of § 67-1824

"The operation of the proposed association will not unduly harm any other existing association or federal savings and loan association or other financial institution."

## Board's Order:

"7. That the operation of First Security Savings & Loan Association will not harm any existing state-chartered savings and loan association, Federal Savings and loan association, commercial bank or any other financial institution since the proof shows that there is sufficient savings and loan potential in the proposed service area to adequately support the existing institutions and the proposed savings and loan association."

No underlying facts are pointed out to support the statutory language used in Finding No. 7. We are left to guess what facts the Board found to substantiate that sufficient savings and loan potential is in the area. The finding should have related the basis for an amount of the savings and loan

potential; the sources from which the savings and loans would be derived; the amount of savings and loans required to support the applicant; the loss of savings and loans which might be suffered by the existing financial institutions; and other underlying facts supporting their finding.

### Section (5) of § 67-1824

"The proposed association will be independent of the other financial institutions, that those persons named in the articles of incorporation as directors and officers do not have such affiliations with any financial institutions or other businesses closely related to the savings and loan association business which would affect the independence of the proposed association, and that the directors are representative of the community."

### Board's Order:

"8. That the matters submitted to the Board establish that the subscribers to withdrawable capital of First Security Savings & Loan Association of Hot Spring County represent a cross-section of the community to be served and that the Applicant will be established and operated in a manner independent of other financial institutions since those persons named in the Articles of Incorporation as directors and officers to not have any affiliations with any financial institutions or other businesses closely related to the savings and loan association business which would affect the independence of the proposed association, and that the directors are representative of the community."

Finding No. 8 is again a copy of Section 67-1824 (5). There is no explicit statement of the underlying facts supporting this finding.

The judgment is reversed and the cause remanded through the Circuit Court to the Board for such further proceedings as may be necessary.