INDEPENDENCE SAVINGS & LOAN ASSOCIATION *v.* CITIZENS FEDERAL SAVINGS & LOAN ASSOCIATION, HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, POCAHONTAS FEDERAL SAVINGS & LOAN ASSOCIATION, and ARKANSAS SAVINGS & LOAN ASSOCIATION BOARD

78-110                                577 S.W. 2d 390

Opinion delivered February 26, 1979
(In Banc)

*Highsmith, Gregg, Hart & Vinson,* by: *John C. Gregg,* for appellant.

*Friday, Eldredge & Clark,* by: *Hermann Ivester; Roger W. Giles;* and *Crouch, Blair, Cypert & Waters,* by: *James B. Blair* and *William M. Clark, Jr.,* for appellees.

DAN M. BURGE, Special Justice. This is an appeal from the judgment of the Independence County Circuit Court affirming the decision of the Arkansas Savings and Loan Association Board, hereinafter referred to as "The Board," denying the application of Appellant, Independence Savings and Loan Association, for permission or authority to establish and operate a branch office in Jonesboro, Arkansas.

Appellant was organizaed and received its original state charter to open a savings and loan association in Batesville, Arkansas, in June of 1973. It obtained approval for a branch in Ash Flat in February of 1975, and a second branch in Newport in October of 1975. This application for its third branch to be located in Jonesboro, was filed in January of 1976. Home Federal Savings and Loan Association and Citizens Federal Savings and Loan Association, both of Jonesboro, and Pocahontas Federal Savings and Loan Association opposed or protested the application. Pocahontas filed an application for a branch office in Jonesboro with the Federal Home Loan Bank Board in January of 1976, which application was approved, and its branch office is now open.

After taking voluminous testimony (a 1290 page record which includes the petitions, answers to interrogatories, testimony of 26 witnesses, detailed economic reports and numerous exhibits) the Board, in a 2 to 1 decision (one member being absent and with the chairman not voting), denied the application finding (1) that there was not a public need for the proposed branch; (2) that the volume of business in the area is not such as to indicate a successful operation; and (3) that the operation of the proposed branch office would unduly harm existing savings and loan associations or other financial institutions. The Board made 46 separate findings of underlying facts in support of its three findings.

Appellant asserts or relies on the following points for reversal:

(1) The Board's decision, based on the entire record, as affirmed by the Circuit Court, is not supported by substantial evidence.

(2) The Board's decision, as affirmed by the Circuit Court is arbitrary, capricious and characterized by an abuse of discretion.

(3) The Circuit Court erred in reviewing only the evidence which supported The Board's decision.

(4) The Board's Order denying the application is in violation of Arkansas Statutes Annotated Sec. 5-710 (b).

As we view the entire record, there is obviously conflicting evidence. Some of The Board's 46 specific findings of underlying facts are very weak and may not support its conclusion. However, the weakness or elimination of some of these supportive underlying findings does not destroy the foundation for The Board's decision. Even though we may have reached a different conclusion or decision had this matter been before us de novo, we cannot substitute our choice for that of The Board's by weighing the evidence between two conflicting views. We reaffirm the Substantial Evidence Rule relating to Savings and Loan Association Board's Orders whereby The Board's decision will be affirmed or upheld if supported by substantial evidence. In determining whether or not the findings are supported by substantial evidence:

" — we consider [all] the evidence with all reasonable inferences deducible therefrom in the light most favorable to [The Board's action.] — Whether the evidence of Appellee or the Appellant weighs more heavily is not a consideration."

*First State Building & Loan Association, Mountain Home, Arkansas* v. *Arkansas Savings & Loan Association Board and Home Savings & Loan Association,* 261 Ark. 482, 549 S.W. 2d 274 (1977), and *Northwest Savings and Loan Association, et al* v. *Fayetteville Savings and Loan Association, et al,* 262 Ark. 840, 562 S.W. 2d 49 (1978), *First Federal Savings and Loan Association of El Dorado* v. *Union Savings and Loan,* 257 Ark. 199, 515 S.W. 2d

75 (1974). *Heber Springs Savings and Loan Association v. Cleburne County Bank,* 240 Ark. 759, 402 S.W. 2d 636 (1966).

We have in numerous decisions relied heavily upon the principle that administrative agencies are better equipped than Courts, by specialization, insight through experiences and more flexible procedures to determine and analyze underlying issues . . . [which is] the principal basis for the limited scope of judicial review of administrative action and for the refusal of the Court to substitute its judgment and discretion for that of the administrative agency. *Northwest Savings and Loan Association, et al v. Fayetteville Savings and Loan Association, supra,* and *Terrell Gordon v. Gordon L. Cummings, et al,* 262 Ark. 737, 561 S.W. 2d 285 (1978).

Appellant's proposed service area consists of Craighead County, which is presently served by three savings and loan associations located in Jonesboro and six commercial banks, four of which are located in Jonesboro. These banks operate 24 separate home offices and branches within the service area. All three associations filed protests to Appellant's application and representatives testified in opposition thereto. The banks did not file any protest.

Edward H. Cherry, President and Chairman of the Board of the Bank of Northeast Arkansas, testified that the six banking institutions were all in heavy, vigorous and even ferocious competition with each other and the existing savings and loan associations for both savings and loans; that he had never seen a city that had as many financial institutions per capita as Jonesboro; that there was no need for another savings and loan association; that another savings and loan would not generate any new savings; that the existing associations and banking institutions were adequately serving the needs of the area; that a loss of 10% of savings to a new financial institution would jeopardize the survival of his bank; and that if another association was permitted to open a branch office within the area it will split the business and dilute it to the point that the existing associations and financial institutions would suffer undue harm. Without going into detail concerning his specific testimony in support of the foregoing conclusions, we find that same did constitute sub-

stantial evidence in support of The Board's findings.

Thirty-two realtors and home builders indicated by way of testimony and/or petition that there was not a public need for another association, that existing associations were meeting the needs of the public for both savings deposit facilities and credit or loan sources. Not one local realtor, home builder or representative of existing financial institutions in the service area testified in support of Appellant's petition. Various witnesses testified as to services being rendered by existing associations and that which would be rendered by the Appellant, if approved. Appellant will not provide any new service that one or the other associations do not now furnish, nor will it provide more convenience to its depositors or borrowers and so the services and convenience would remain basically the same. Economic experts testified in behalf of both sides. Appellant's expert was from Northwest Arkansas, whereas Appellees' expert was from the local service area. He had made several economic studies within the area for other clients or purposes. No one witness in the home construction, real estate or banking business testified or indicated in any manner that there was a need for the proposed branch or that it should be granted.

The credibility of these witnesses and the proper weight to be accorded evidence presented is the prerogative of The Board and not that of the reviewing court. The Board has a superior position to that of the reviewing court in as much as it is in a position to observe the witnesses and consider their demeanor. The Board justifiably could and probably did simply find that local realtors, builders, developers, bankers and economists testimony was more plausible than that of Appellants' witnesses and thereby entitled to more weight. *Northwest Savings and Loan Association, et al* v. *Fayetteville Savings and Loan Association, supra.*

Savings and loan associations are authorized and chartered for two purposes: To operate deposit facilities for savings purposes and to meet the credit needs for home loans in its service area. Appellant's track record clearly indicates that it has, in the past, met the first needs by providing deposit facilities for savings in the areas where it serves; but

clearly it has failed to meet the credit needs for local home building and other developments and has, in fact, been siphoning off funds from the areas where it serves by investing same in federal securities. This has resulted in a profitable operation, but at the sacrifice of the credit needs of its service areas.

When we first review the numerous underlying findings of The Board, we find the evidence in support of The Board's decision to be clearly substantial.

Appellant next argues that The Board's decision, as affirmed by the Circuit Court, is arbitrary, capricious and characterized by an abuse of discretion. In *Northwest Savings And Loan Association, et al* v. *Fayetteville Savings And Loan Association, et al, supra,* we quoted from *First National Bank of Fayetteville* v. *Smith,* 508 F. 2d 1371 (8th Circuit 1974) as follows:

> "The 'arbitrary and capricious' standard of review is a narrow one . . . its scope is more restrictive than the 'substantial evidence' test which is applied when reviewing formal findings made on a hearing record . . . 'Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis' . . . *Something more than mere error is necessary to meet the test* . . . To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was 'wilful and unreasoning action', without consideration and a disregard of the facts or circumstances of the case . . . " (Emphasis added)

We would unduly lengthen this opinion to review all the evidence in this record. It will suffice to state, as we did in the *Northwest Savings and Loan* opinion that we do not find The Board's action to be arbitrary or capricious because, in our judgment, evidence contained in this record cannot be classified as being based upon suspicion, surmise, implications or plainly incredible evidence.

While some of the conflicting evidence in the record clearly

supports the establishment of Appellant's branch, on the whole, the decision of The Board is sustained by substantial evidence. By substantial evidence, we mean valid, legal and persuasive evidence. Where such evidence exists, it automatically follows that the decision of The Board cannot be classified as unreasonable or arbitrary. *Bockman* v. *Arkansas State Medical Board,* 229 Ark. 143, 213 S.W. 2d 826 (1958); *Arkansas Pollution Control Commission* v. *Coyne,* 252 Ark. 792, 481 S.W. 2d 322 (1972).

Appellant's third point urges us to find that the Circuit Court erred in reviewing only the evidence which supported The Board's decision. The Judgment of this Trial Court specifically states that from the record of the proceedings before The Board, the briefs of the parties and the arguments of counsel it found that there was substantial evidence to support the findings and decision of The Board. The reviewing court did not consider just evidence supporting The Board's finding alone. In our review of the entire record, we find many facts and circumstances which would constitute substantial evidence upon which The Board could have based its decision, even though fair-minded men might reasonably disagree. These facts do not show any abuse of discretion or statutory duty on the part of The Board of reviewing Circuit Court.

For its final point, Appellant argues that the forty-six separate specific findings of facts totaling ten pages are so lengthy, redundant and over burdensome as to be a violation of Ark. Stat. Ann. § 5-710(b), which requires The Board's final decision to be concise and explicit and, therefore, same makes its Order arbitrary and an abuse of The Board's discretionary powers. As stated in *Arkansas Savings And Loan Association Board, et al* v. *Central Arkansas Savings and Loan Association,* 256 Ark. 846, 510 S.W. 2d 872, this statutory requirement is primarily for the benefit of the reviewing courts and a failure to comply with the statute, if such a failure exists, is a minor and inconsequential matter. To boil a 1,090 page record down to ten pages is not an easy task by any stretch of the imagination.

For the reasons hereinbefore stated, the judgment of the

Circuit Court upholding The Board's decision to deny Appellant's application to open a branch office in Jonesboro is hereby affirmed.

BYRD, J., concurs.

HOLT, J., not participating.