BANK OF YELLVILLE, CITIZENS BANK & TRUST COMPANY OF FLIPPIN, and FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HARRISON *v.* FIRST AMERICAN SAVINGS & LOAN ASSOCIATION and ARKANSAS SAVINGS & LOAN ASSOCIATION BOARD

82-76                                            634 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered June 7, 1982

*James W. Lance,* for appellant First Federal Savings and Loan Association of Harrison.

*Hermann Ivester,* for appellants Bank of Yellville and Citizens Bank and Trust Company of Flippin.

*Lee Thalheimer,* Savings and Loan Board Supervisor; *Kelley & Luffman;* and *Gill, Skokos, Simpson, Buford & Owen,* for appellees.

JOHN I. PURTLE, Justice. This appeal is from a Pulaski Circuit Court decree which affirmed the ruling of the Arkansas Savings & Loan Association Board in granting a charter to First American Savings and Loan Association. The appellant argues that there was not substantial evidence to support the board's findings and that the board's findings as required by Ark. Stat. Ann. § 67-1824 (2) and (5) (Repl. 1980) are not accompanied by concise and explicit statements of underlying facts supporting the findings. We disagree with the appellant on both points.

A group of people in Marion County filed an application with the Arkansas Savings and Loan Board to charter an organization called First American Savings and Loan Association. The Bank of Yellville, Citizens Bank and Trust of Flippin, and First Federal Savings and Loan Association of Harrison protested the petition for a charter. The board held extensive evidentiary hearings and considered a number of depositions at the hearing on April 15, 1980. At the conclusion of the hearing the board voted, 3 to 1, to approve the application. The board made findings of fact which were included in the order of June 18, 1980. The protesting parties petitioned for a rehearing which was granted and held on October 10, 1980. An order was issued by the board on December 15, 1980, adopting findings of fact in support of the board's decision. Appellants appealed to the Circuit Court of Pulaski County which entered an order upholding the board on August 21, 1981. This appeal is from the order of the Pulaski County Circuit Court.

We will consider all of appellants' points at the same time. The argument is so interwoven that we deem it to be in the interest of clarity and brevity to address them together. In considering cases involving a charter application for a bank or savings and loan association we review the evidence to

determine if it is substantial enough to support the decision of the board. Cases supporting this standard of review are: *First State Building & Loan Assn.* v. *Arkansas S. & L. Assn. Board*, 261 Ark. 482, 549 S.W.2d 274 (1977); *Northwest S. & L. Assn.* v. *Fayetteville S. & L. Assn.*, 262 Ark. 840, 562 S.W.2d 40 (1978) and *Independence S. & L. Assn.* v. *Citizens Federal S. & L. Assn.*, 265 Ark. 203, 577 S.W.2d 390 (1979); *Arkansas S. & L. Board* v. *Central Arkansas S. & L. Assn.*, 260 Ark. 58, 538 S.W.2d 505 (1976).

We will now consider whether there was substantial evidence to support the decision of the board in the case before us. The present case is not unlike *Independence S. & L. Assn.* v. *Citizens Federal S. & L. Assn.*, supra, wherein we observed that there was conflicting evidence. We found that some of the board's specific findings of underlying facts were weak and possibly could not support the board's conclusion. Nevertheless we held that there was enough substantial evidence to support the finding of the board. The appellants' dissatisfaction involves whether the board fulfilled its obligation under the provisions of Ark. Stat. Ann. § 67-1824. Appellants argue that there was not substantial evidence to support the board's findings as required by the above statute. The order of the Arkansas Savings and Loan Association Board dated December 15, 1980, includes the findings upon which the order is based. The findings are contained in ten pages and seem to us to adequately support the conclusion reached by the board. We are not unmindful that the appellants strenuously argue that two of the proposed directors or officers of First American Savings and Loan Association did not meet requirement (2) of Ark. Stat. Ann. § 67-1824, alleging that they fraudulently obtained subscriber signatures. It is true that some eight of the 229 alleged subscribers to the new institution said they had signed the papers without full knowledge of what was contained therein. Admittedly there is some evidence which would support a decision contrary to the action of the board. The board heard and observed the witnesses as they testified. The credibility and weight to be accorded witnesses is the prerogative of the board and not that of reviewing courts.

Appellees have set forth the names and qualifications of the organizers of the proposed institution. Without going into the lengthy details of each of the arguments we note that the board found that all of the organizers were of good character, responsible, and generally fit to perform the duties involved in a savings and loan association. One had been a municipal judge, prosecuting attorney, state representative, and circuit judge. Another had managed a hardware company for 25 years and served as chief of the volunteer fire department and as a member of the Yellville Planning Commission. Additionally, one was president and chief executive officer of the largest industry in the county and had served 11 years on the school board. Another was a practicing dentist who also operated a turkey farm. One owned a real estate company, had served on the County Quorum Court, was president of the local chamber of commerce and was a member of the board of directors of the Bank of Yellville. Finally, one of the organizers had been named man of the year by his local chamber of commerce in 1977. He was one of the organizers of the Citizens Bank of Flippin and had served seven years as secretary and vice chairman of the bank's board of directors. All of the organizers had other qualifications which we will not mention here. About 16 witnesses appeared on behalf of the appellee savings and loan association at the board hearing and all testified favorably. The witnesses included the Mayor of Yellville as well as the Superintendent of the Yellville and Summit School District. Many other prominent witnesses testified.

There is no requirement that the board's findings of fact be stated separate from the order by the board. *Citizens Bank v. Arkansas State Banking Board,* 271 Ark. 703, 610 S.W.2d 257 (1981). The order in the present case was circulated to all board members who were given an opportunity to make any changes in the finding of facts. Since the primary purpose of the underlying facts is to assist the courts in understanding the case, we believe the findings in the present case are adequate for that purpose. *Arkansas S. & L. Board v. Central Arkansas S. & L. Assn.,* 256 Ark. 846, 510 S.W.2d 872 (1974). Without going through each and every requirement which must be found by the board before a charter is granted, we

can see from a careful review of the record that the board considered each organizer's background and determined that none of the proposed directors or officers had an affiliation with another financial institution, or closely related business, which would affect the independence of the proposed association. We recognize that this was a hard fought case and feelings obviously ran high on both sides. Nevertheless, we find there is substantial evidence to support the decision of the board as affirmed in the circuit court.

Affirmed.

HOLT and HAYS, JJ., not participating.