FIRST STATE BUILDING AND LOAN
ASSOCIATION, Mountain Home, Arkansas *v.*
ARKANSAS SAVINGS AND LOAN BOARD and
HOME SAVINGS AND LOAN ASSOCIATION

74-244                    518 S.W. 2d 507

Opinion delivered February 10, 1975

*Roy E. Danuser* and *Catlett & Henderson*, for appellant.

*Lester & Shults* and *Kelly & Luffman*, for appellees.

JOE D. WOODWARD, Special Justice. On December 26, 1973, the Appellee, Arkansas Savings and Loan Board, granted the application of Home Savings and Loan Association to begin business as a savings and loan association in the City of Mountain Home.

The Appellant, First State Building and Loan Association of Mountain Home was a protestant to the application and appealed the finding of the Board to the Pulaski Circuit Court under the provisions of the Administrative Procedures Act.

The Circuit Court remanded the matter on April 3, 1974, to the Board for the Board to incorporate in its order "finding of fact and conclusions of law, separately stated" upon which the Order of the Board was based.

Thereafter on April 8, 1974, the Board issued a new Order which was affirmed by the Circuit Court.

The Appellant relies on two points for reversal. The first is that the findings of fact made by the Board in its Order of April 8, 1974, *again* failed to meet the requirements of Ark. Stat. Ann. Sec. 5-710, Supp. 1973.

The second point is that the Order of the Board approving Appellee's application was not supported by substantial evidence of record.

The record in this case is voluminous. The Hearing before the Board was protracted. Many detailed and complicated exhibits are in the record. The testimony of some eighty-seven witnesses is spread out through several volumes of testimony.

This Court has recognized that a threshold question exists in cases brought here from administrative agencies and that question is: "Has the agency followed the dictates of Ark. Stat. Ann., Sec. 510 (Supp. 1973) by providing the concise and explicit findings of fact and conclusions of law separately stated in its Order."

Professor Davis, in his Administrative Law Treatise (1968, Sec. 16.05) summarizes the reasoning underlying the law which requires explicit and concise findings of fact in administrative agency orders:

"The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan for rehearings and judicial review and keeping agencies within their jurisdiction."

The Board in this case did not state the underlying facts

upon which the Order was based in a concise and explicit manner at the first Hearing (December 26, 1973) nor did they do so at the second Hearing (April 8, 1974). The Board simply based its first Order on the statutory language of Ark. Stat. Ann., Sec. 67-1824 (Repl. 1966) and merely rearranged that wording in its second Order (April 8, 1974). We do not know, from the Order, what specific facts the Board relied upon in granting the application and we will not attempt to supply the deficiencies in an administrative Order by weighing evidence which is the responsibility of the administrative agencies.

The Appellee argues that Appellant should have come forward after the Circuit Court remanded the Order on April 3, 1974, to assist in rewriting the Order or to make its objections known at that time. The Appellee contends that having not done so, the Appellant waived the matter.

This Court held in *Arkansas Savings and Loan Board et al* v. *Central Arkansas Savings and Loan*, 256 Ark. 846 (1974) that the requirements of Ark. Stat. Ann., Sec. 5-710, Supp. 1973 are primarily for the benefit of the reviewing Court and cannot be waived by the parties.

We are, therefore, unable to answer the threshold question in the affirmative and need not reach the second question of whether the Order was based upon substantial evidence at this time.

The judgment is reversed and the cause remanded through the Circuit Court to the Board for such further proceedings as may be necessary.

CONLEY BYRD, J., not participating.