ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPART-MENT, Appellant,

v.

LAMAR ADVANTAGE HOLDING COMPANY, Appellee.

No. 10–932.

Supreme Court of Arkansas.

May 5, 2011.

Robert L. Wilson, Little Rock and Michelle Davenport, Arkansas Highway and Transportation Department, for appellant.

Tilley & Thomas, by: Albert Thomas III, for appellee.

PAUL E. DANIELSON, Justice.

Appellant Arkansas State Highway and Transportation Department (ASHTD) appeals from the order of the circuit court reversing its denial of appellee Lamar Advantage Holding Company's application for a permit to erect an electronic billboard. ASHTD asserts that the circuit court erred in reversing its denial and finding its decision contrary to law and not supported by substantial evidence. We affirm the denial of Lamar's permit, and we reverse the circuit court's order and remand.

The record reveals that on June 6, 2005, the Environmental Division of ASHTD received a letter from Lamar, inquiring whether an outdoor advertising permit was required from ASHTD. Specifically, the letter stated that Lamar currently had in place an outdoor advertising structure consisting of two poster panels located on the rooftop of the Innerplan building in downtown Little Rock. The letter noted the possibility that the structure might be demolished within the next year for a new project and that Lamar had reached an agreement with the City of Little Rock to reduce the number of panels from two to one and to install the structure on the north side of the new building. Lamar stated that the new panel would not be visible to traffic on LaHarpe Boulevard, but would instead directly face the areas of Riverfront Park and the River Market District. Lamar sought guidance as to whether a permit from ASHTD was required "since the road it will be visible to is not a state highway or controlled route."

On June 21, 2005, ASHTD responded, informing Lamar that a "state billboard sign permit will be required ... because the sign will be visible from State Highway 10 and within 660 feet of the Highway 10 right-of-way." Notwithstanding ASHTD's response, Lamar erected its electronic billboard in March 2007 and did not file a billboard-sign-permit application until July 6, 2007. On September 17, 2007, ASHTD denied Lamar's permit application for the following reasons:

Lamar failed to provide a completed application, including zoning information.

Lamar erected the billboard without first securing a state permit, which is in violation of Section 7, Paragraph B, page 28, of the Regulations for Control of Outdoor Advertising.

The billboard is located on a residential building which does not comply with Paragraph F.6, page 5, of the Regulations for Control of Outdoor Advertising.

The property is zoned "Planned Residential Development" (PRD) for Residential use. State billboard permits require a "Commercial" or "Industrial" zoning classification.

The billboard was erected adjacent to and visible from a scenic corridor where new billboard construction is prohibited by city code. The property was issued a variance for the purpose of circumventing billboard laws.

On October 16, 2007, Lamar requested a hearing to contest the denial of its application, contending that

the reasons stated [for denial] ... are contrary to Arkansas Highway & Transportation Department ("AHTD") regulations. The relevant AHTD regulation states that permits are not required for signs or devices within areas of comprehensive zoning. Regulations for Control of Outdoor Advertising, Section 6.A (Page 25). "Comprehensive Zoning" is specifically defined in the AHTD regulation. The sign's location is in [an] area that is comprehensively zoned by the City of Little Rock. Therefore, no permit is required.

A hearing was held before a hearing officer, and on October 27, 2009, ASHTD's denial of Lamar's permit application was affirmed.

On November 25, 2009, Lamar filed a petition for review of the Commission's decision in the Pulaski County Circuit Court, and on April 19, 2010, a hearing was held on the petition. After considering the pleadings filed, the transcript of the administrative hearing, and the arguments of counsel, the circuit court entered its order, reversing ASHTD's denial and finding that ASHTD's decision was contrary to law and was not supported by substantial evidence. ASHTD now appeals.

ASHTD argues that its decision was based on the Federal Beautification Act, the Arkansas Highway Beautification Act, and the Regulations of the Arkansas State Highway Commission for the Control of Outdoor Advertising on Arkansas Highways and was not contrary to law. It asserts that the Arkansas Highway Beautification Act is to be broadly construed, and accordingly, its interpretation of its regulations should not be overturned unless clearly wrong. It maintains that there was substantial evidence to support each of its bases for denying Lamar's permit application.

Lamar responds that ASHTD's decision ignored section 6(A) of ASHTD's regulations, which it asserts exempted it from the required permit due to the fact that the area in which its sign was located was comprehensively zoned by the City of Little Rock. It further contends that the administrative decision was not supported by substantial evidence.

Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope. *See Seiz Co. v. Arkansas State Highway & Transp. Dep't*, 2009 Ark. 361, 324 S.W.3d 336. The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *See id.* The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *See id.* When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *See id.* We review issues of statutory interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. *See id.*

■ As a threshold matter, we must determine whether a permit was in fact required under ₅the regulations of ASHTD. Based on our review of the regulations at issue, we agree that a permit was required.

■ As this court has previously observed, the Arkansas Highway Beautification Act, currently codified at Arkansas Code Annotated §§ 27–74–101 to –502 (Repl.2010), was adopted pursuant to a congressional directive, and its purpose is to promote the reasonable, orderly, and effective display of outdoor advertising, to promote the safety and recreational value of public travel, and to preserve natural beauty. *See* Ark.Code Ann. § 27–74–201(a) (Repl.2010); *Files v. Arkansas State Highway & Transp. Dep't,* 325 Ark. 291, 925 S.W.2d 404 (1996). We have held that the Arkansas Highway Beautification Act is remedial in nature and must be liberally construed so to effectuate the purpose sought to be accomplished by its enactment. *See Arkansas State Highway Comm'n v. Roark,* 309 Ark. 265, 828 S.W.2d 843 (1992). Moreover, the General Assembly has vested the State Highway Commission with regulatory authority to enforce the Act. *See* Ark.Code Ann. §§ 27–74–203, 27–74–211.

Pursuant to the regulations in effect at the time of Lamar's application permit, "any existing device within 660 feet of the nearest right of way limit of any Interstate or Primary highway must have a permit issued by the Arkansas State Highway Department.... Permits shall not be required for signs exempt under Par. 6 of these regulations." *Regulations for Control of Outdoor Advertising on Arkansas Highways, Revised Regulations for Issuance of Permits for Outdoor Advertising Devices & Signs,* § 2. Pursuant to section 6(A) of the *Revised Regulations,* a permit "shall not be required for ... [s]igns or

devices in areas with comprehensive zoning." ₆"Comprehensive zoning" is defined within the regulations, in pertinent part, as "a zoning plan established by ... ordinance, which includes regulations consistent with customary use and the provisions of the agreement controlling the erection and maintenance of signs in the zoned areas." *Revised Regulations,* § 1(J). Here, it is undisputed that the property on which Lamar's sign was located was rezoned by the City of Little Rock from UU to PRD, or a planned residential district, pursuant to Ordinance 19,282, and Lamar claims that this rezoning constituted comprehensive zoning, thereby exempting it from having to obtain a permit.

A review of the regulations reveals that contained within them is an agreement with the Federal Highway Administrator "for carrying out national policy relative to control of outdoor advertising in areas adjacent to [the] national system of interstate and defense highways and the federal-aid primary system." According to that agreement, local control is indeed permitted:

The State of Arkansas and local political subdivisions shall have full authority under their own zoning laws to zone areas for commercial or industrial purposes and the action of the State and local political subdivisions in this regard will be accepted for the purposes of this agreement. At any time that a political subdivision adopts comprehensive zoning which includes the regulating of the size, lighting, and spacing of outdoor advertising signs within the zoned commercial and industrial areas consistent with the purposes of the Highway Beautification Act of 1965 and with customary use, the Arkansas Highway Commission may certify to the Administrator as notice of effective control of signs within the zoned area.

*Regulations for Control of Outdoor Advertising on Arkansas Highways, Revised Regulations for Issuance of Permits for Outdoor Advertising Devices & Signs, Agreement,* § III(E). While ASHTD acknowledges the possibility for local control, it maintains that certification is within its discretion and that it must certify such a plan to the Federal Highway Administrator before an area will be considered comprehensively zoned. We agree.

Where the State of Arkansas's agreement with the Federal Highway Administrator permits control by a local political subdivision, that control is in fact subject to certain requirements, including certification:

(1) The local zoning authority's controls must include the regulation of size, of lighting and of spacing of outdoor advertising signs, in all commercial and industrial zones.

(2) The regulations established by local zoning authority may be either more restrictive or less restrictive than the criteria contained in the agreement, unless State law or regulations require equivalent or more restrictive local controls.

(3) If the zoning authority has been delegated, extraterritorial, jurisdiction under State law, and exercises control of outdoor advertising in commercial and industrial zones within this extraterritorial jurisdiction, control by the zoning authority may be accepted in lieu of agreement controls in such areas.

(4) *The State shall notify the FHWA* [Federal Highway Administration] *in writing of those zoning jurisdictions wherein local control applies.* It will not be necessary to furnish a copy of the zoning ordinance. The State shall periodically assure itself that the size, lighting, and spacing control provisions of zoning ordinances accepted under this section are actually being enforced by the local authorities.

(5) Nothing contained herein shall relieve the State of the responsibility of limiting signs within controlled areas to commercial and industrial zones.

23 C.F.R. § 750.706(c) (emphasis added). Here, Al Collins, an employee of ASHTD, testified that ASHTD had not certified to the Federal Highway Administrator the comprehensive zoning of the City of Little Rock. Indeed, the record contains no evidence that a comprehensive zoning plan by the City of Little Rock was certified by ASHTD. Because certification of such local control was required by the agreement between the State of Arkansas and the Federal Highway Administration to constitute comprehensive zoning, and because no such certification was made with respect to the property on which Lamar's sign was located, the property was not comprehensively zoned as defined by the regulations. For this reason, Lamar was not exempt from obtaining a permit and was therefore required to do so under ASHTD's regulations.

We turn then to whether there was substantial evidence to deny Lamar's application for a permit. In determining whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See State of Louisiana v. Joint Pipeline Grp.,* 2010 Ark. 374, 373 S.W.3d 292. In doing so, we give the evidence its strongest probative force in favor of the administrative agency. *See id.* The question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *See id.*

In this case, ASHTD denied Lamar's permit on five different bases, as already

set forth above. Accordingly, if there is substantial evidence to support even one of the bases, we will affirm the administrative decision. Here, substantial evidence exists to support the denial of Lamar's permit application because the property at issue was zoned PRD, and a zoning classification of industrial or commercial is required for a permit.

A review of the record reveals that it is undisputed that the property on which Lamar's electronic billboard was located was zoned PRD, or planned residential district. However, pursuant to Ark.Code Ann. § 27–74–204(a), billboards may be erected (1) within those areas |₉zoned industrial or commercial under state law, or (2) within unzoned commercial or industrial areas that are determined by agreement between the State Highway Commission and the United States Secretary of Transportation. *See* Ark.Code Ann. § 27–74–204(a); *Seiz Co.*, 2009 Ark. 361, 324 S.W.3d 336. Here, Al Collins, testified that the building on which Lamar's sign was located was zoned PRD and that ASHTD did not allow billboards in residentially zoned areas. He further testified that billboards were confined, pursuant to ASHTD's regulations, to commercial or industrial areas by the regulations.

It is clear to this court that substantial evidence existed to support ASHTD's denial of Lamar's permit application on the basis that the property was not zoned commercial or industrial. Accordingly, we affirm ASHTD's denial of the permit application and reverse the circuit court's order and remand.

Administrative decision affirmed; circuit court reversed and remanded.

BAKER, J., not participating.