M. MICHAEL KINARD, Judge hThe Arkansas State Board of Licen-sure for Professional Engineers and Professional Surveyors (“Board”) appeals from an order of the circuit court that reversed the Board’s decision to fine and permanently revoke the surveyor’s license of Robert Allan Callicott. The circuit court ruled that the Board’s findings of ethical violations were not supported by substantial evidence, that “the offense alleged was vague,” and that the punishment imposed was unduly harsh. The Board argues that the circuit court erred in reversing the Board’s decision because the Board’s findings were supported by substantial evidence and the Board’s decision, including its choice of penalty, was within its authority and not arbitrary or capricious. Mr. Callicott contests those arguments. He further contends that he was denied due process by the Board because notice of the heaxing had not been properly sent to him and that, in any event, the statute and rule on which the Board based its decision are | ¿unconstitutionally vague. For the reasons explained below, we reverse and remand for the Board to make specific findings of fact and conclusions of law. In June 2013, Charles McGowan lodged with the Board a complaint against Mr. Callicott,. a licensed surveyor. McGowan alleged that he had paid Callicott $1000 ten weeks earlier, in April 2013, to perform a survey. He alleged that the work had not been performed and that Callicott had not responded to McGowan’s phone calls, letters, and emails. The Board notified Callicott of the complaint. Callicott responded in writing, stating that he had started working on the job immediately upon being hired and had “devoted a great deal of time and energy to the project”; offering his explanation for the delay in finishing the work; and indicating that there had been no time limit set for the completion of the survey. The Board then further corresponded with and interviewed McGowan and Callicott. Eventually, it was decided that a formal hearing would be held to determine whether Callicott had violated Arkansas Code Annotated sections 17-48-101 et seq. (Supp. 2015) or the rules of the Board. Specifically, the Board charged that Calli-cott (1) had engaged in “dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public, in violation of Arkansas Code Annotated [section] 17-48-205”; (2) had failed “to faithfully serve the legitimate interest of his client, in violation of the preamble of the Rules of Professional Conduct”; and (3) had failed “to provide information requested by the Board as a result of a formal or informal complaint to the Board, in violation of Arkansas Code Annotated [section] 17-48-205.” Notice of the allegations and the May 13, 2014, | ^scheduled hearing were sent to Callicott by both certified and regular mail in April 2014.[1] Callicott did not appear at the hearing before the Board, but McGowan did, and the hearing went forward. After the hearing, the Board entered a written order in June 2014. The Board found that McGowan engaged Callicott to perform a survey for $1000, that McGowan gave Callicott a check for $1000, and that, during the investigation, Callicott “refused to provide pertinent information requested by the Board’s investigator.” Additionally, the Board “found” that McGowan “asserts” that the check was cashed and that the work was not completed; the Board stated that these two asserted “fact[sj” were not disputed by Callicott. The last remaining “finding” in the Board’s- order was that McGowan “asserts” that Callicott made no attempt to contact him and did not respond to McGowan’s “repeated attempts” to contact Callicott. The Board then concluded, without any elaboration, that Callicott’s “conduct ,,. constitutes” each of the three violations alleged in the notice and quoted in the preceding paragraph of this opinion. The Board imposed a $1000 fine against Callicott and revoked his surveyor’s license. In July 2014, Callicott filed his petition seeking judicial review by the circuit court. See Ark. Code Ann. § 26-15-212 (Repl. 2014). Soon thereafter, the circuit court entered an order staying enforcement of the Board’s decision. In September 2015, the circuit court reversed and set aside the order of the Board. The court held that the Board’s findings of [4ethical violations were not supported by substantial evidence, .that the offenses alleged were vague, that there was no direct violation of any rule, and that the punishment was unduly harsh. The Board has appealed the circuit court’s order to this court. We cannot, at this time, decide the substantive issues in this case. Rather, the cash must first be remanded for the Board to make specific findings of fact and conclusions of law. Review of administrative agency decisions, by both- the circuit court and the appellate court, is limited in scope, Ark. Code Ann. § 25—15—212(g)—(h); Arkansas State Highway & Transportation Department v. RAM Outdoor Advertising, 2015 Ark. App. 713, 479 S.W.3d 51. The standard of review to be used by both courts in determining the sufficiency of the evidence is whether there is substantial evidence to support-the agency’s findings. RAM Outdoor Advertising, supra. The appellate court’s review is directed not toward the circuit court but toward the decision of the agency. Id. When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. Id. The party challenging the administrative agency’s findings has the burden of proving an absence of substantial evidence. Id. . In cases decided by courts of record, trial courts are not ordinarily required to state specific findings of fact and conclusions of law. Rather, the appellate court will presume, in the absence of a showing to the contrary, that the trial court acted properly; and made the findings of fact necessary to support its judgment. American States Insurance Co. v. Williams, 2010 Ark. App. 840, 2010 WL 5129958; Jocon, Inc. v. Hoover, 61 Ark. App. 10, 964 S.W.2d 213 (1998); Ingram v. Century 21 Caldwell Realty, 52 Ark. App. 101, 915 S.W.2d 308 (1996); see First National Bank v. Higginbotham Funeral Service, Inc., 86 Ark. App. 65, 818 S.W.2d 583 (1991) (Cracraft, C.J., dissenting), The same is not true for administrative agencies, however. The Administrative Procedure Act requires that an administrative adjudication be accompanied by specific findings of fact and conclusions of law.[2] Arkansas Code Annotated section 25-15-210 (Repl. 2014) provides in part the following: (b)(1) In every case of adjudication, a final decision or order shall be in writing or stated in the record. (2) A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. The Board must translate testimony and other evidence into findings of fact and then explain how those factual findings support the action taken by the Board. Barnes v. Arkansas Department of Finance & Administration, 2010 Ark. App. 436, 2010 WL 1997776. These requirements have long been seen as important in assuring more careful administrative consideration and in facilitating judicial review. Voltage Vehicles v. Arkansas Motor Vehicle Commission, 2012 Ark. 386, 424 S.W.3d 281; First State Building & Loan Association v. Arkansas Savings & Loan Board, 257 Ark. 599, 518 S.W.2d 507 (1975). Whether sufficient findings of fact have been made is a threshold question in-an appeal from' an administrative board. Gore Engineering Associates, Inc. v. Arkansas Contractors Licensing Board, 2011 Ark. App. 640, 2011 WL 5110142. hA satisfactory specific finding of fact is a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. It is stated in sufficient relevant detail to make it mentally graphic, i.e., it enables the reader to picture in his mind’s eye what happened. And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law. Wright v. American Transportation, 18 Ark. App. 18, 21, 709 S.W.2d 107, 109 (1986) (emphasis added) (quoting Whispering Pines Home for Senior Citizens v. Nicalek, 333 N.E.2d 324 (Ind. Ct. App. 1975)); see also Barnes, supra (recitation of witness testimony is not a satisfactory finding of fact). A conclusory statement that does not detail or analyze the facts on which it is based is not sufficient. Maez v. Director, 2009 Ark. App. 661, 2009 WL 3210611. Neither the circuit court nor this court may supply findings by weighing the evidence; that function lies with the administrative agency. See Arkansas Savings & Loan Association Board v. Central Arkansas Savings & Loan Association, 256 Ark. 846, 510 S.W.2d 872 (1974); Arkansas State Board of Chiropractic Examiners v. Currie, 2013 Ark. App. 612, 2013 WL 5872499.[3] When an administrative agency fails to make findings on issues of fact, the courts do not decide the questions in the first instance; instead, the cause is remanded to the agency so that findings can be made. Gore Engineering Associates, Inc., supra. 17Here, the Board’s findings and conclusions are insufficient to allow a reviewing court to determine whether several issues were resolved in conformity with the law. Other than the findings that McGowan and Callicott agreed that Calli-cott would perform a survey for McGowan in exchange for $1000 and that the $1000 had been paid to Callicott, the order contains no clear and specific findings. The Board’s statements reciting McGowan’s “assertions]” clearly are not findings of fact regarding the subject matter of those assertions. See Barnes, supra; Wright, supra. Although the Board stated that Calli-cott did not dispute McGowan’s assertions that the check had been cashed and that the survey had not been completed, the Board did not explain whether those assertions were admitted and the Board found the evidence credible, or whether . the Board believed that Callicott’s failure to appear at the hearing somehow required the Board to accept McGowan’s assertions. See Peters v. Doyle, 2009 Ark. App. 722, 2009 WL 3644305 (“finding” that leaves an ambiguity regarding the factual basis therefor or regarding agency’s. understanding of the law is insufficient). In any event, the Board made no comment at all regarding the truth or falsity of McGowan’s “assert[ions]” that Callicott had failed to contact McGowan and failed to respond to McGowan’s claimed attempts to contact Callicott. Nor did the Board make any findings regarding the nature or number of -any such attempts by McGowan to contact Callicott. Additionally, the Board’s decision is silent as to whether Callicott started the project or did any significant work on it and' whether there was any agreement or understanding between landowner and surveyor regarding any time limitations within which the work was to be completed. Nor does the Board’s order contain any findings to support its very conclusory statement, which essentially | ¡¡tracks the general language of Arkansas Code Annotated section 17-48-205(a)(l)(E) (Supp. 2015), that Callicott refused to provide pertinent information requested by the Board’s investigator; no mention is made regarding what information was requested by the Board-or exactly how Calli-cott' responded. See Ark. Code Ann. § 25-15-210(b)(2) (a finding set forth in statutory language must be accompanied by explicit statement of underlying facts in support). Finally, the Board did not explain how it reached the conclusion that Calli-cott’s “conduct” violated the general rules and statutes cited by the Board or how it warranted revocation of his license; the most severe penalty available to the Board. See Nesterenko v. Arkansas Board of Chiropractic Examiners, 76 Ark. App. 561, 69 S.W.3d 459 (2002).[4] Because the Board’s order fails to detail what it found to have actually happened regarding several critical issues and fails to state how the facts led to its conclusions, we must reverse and remand for the Board to make specific findings and conclusions as required by the |9statute. In order that the appeal not be decided piecemeal, we do not address any of the remaining issues at this time. Twin Rivers Health & Rehab, LLC v. Arkansas Health Services Permit Commission, 2012 Ark. 15, 2012 WL 149807; Sonic Drive-In v. Wade, 36 Ark. App. 4, 816 S.W.2d 889 (1991). Reversed and remanded. Gladwin, C. J., and Whiteaker and Hoofman, JJ., agree. Hixson and Brown, JJ., dissent. . The record indicates that the'certified mail was returned to the Board, marked “unclaimed.” The notice sent by regular mail was hot returned. . The same requirement applies to decisions of agencies that are not covered by the Administrative Procedure Act. See, e.g., Ark. , Code Ann. § 1 1-9-704(b)(5) (Repl. 2012) (Arkansas Workers' Compensation Commission). .' We are aware that the circuit court is allowed to take new evidence and, .presumably, to make findings thereon in the limited instance of "alleged irregularities in procedure before ,the agency not shown in the record.” See Ark. Code Ann. § 25—15—212(g). However, that is not what happened here; that statutory exception does not apply to the particular deficiencies in the Board’s findings and conclusions that are detailed in the following paragraph of our opinion and that form the basis for our decision in this case. . We appreciate the dissenting judges’ concern that our court not unnecessarily elevate form over substance. However, in this case, their concern is misdirected. Here, it is the dissenting judges who are placing form over substance. They accept a number of the Board's statements as "findings of fact” because they are labeled as such by the Board and despite tire lack of substance within those "findings.” Of course, the label attached to written material should not control over the actual content thereof. See Cagle Fabricating & Steel, Inc. v. Patterson, 309 Ark. 365, 830 S.W.2d 857, (1992) (agency’s labeling a statement “finding of fact" not controlling; case remanded for findings); Gore Engineering Associates, Inc,, supra (same); see also Thomas v. McElroy, 243 Ark. 465, 420 S.W.2d 530 (1967) (trial "court’s labeling a document "decree” not determinative; status as decree depends on presence of certain essentials within the document); Hinton v. Bethany Christian Services, 2015 Ark. App. 301, 462 S.W.3d 361 (despite trial court’s label of its order as one for “Permanent Guardianship,” appellate court treated it as temporary in nature based on content in body of order); Riddick v. Harris, 2016 Ark. App. 426, 501 S.W.3d 859 (body of argument in brief controls over conclusory statement in argument heading).