Cite as 2021 Ark. App. 439

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-20-585

|  |  |
|---|---|
| | **Opinion Delivered** November 10, 2021 |
| DEMETRIOS KOLLIAS D/B/A PAPER MOON | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| APPELLANT | [NO. 60CV-19-9091] |
| V. | |
| | HONORABLE TIMOTHY DAVIS FOX, |
| ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD | JUDGE |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Demetrios Kollias, doing business as Paper Moon (hereinafter "Paper Moon"), appeals the Pulaski County Circuit Court's order affirming the Arkansas Alcoholic Beverage Control ("ABC") Board's revocation of Paper Moon's liquor permits. Because Paper Moon does not challenge all the findings supporting the revocation, we affirm.

Paper Moon is an adult-entertainment establishment located in Little Rock, Arkansas. Paper Moon held an ABC "Private Club Class B" permit and a "Retail Beer on Premises" permit. The ABC Enforcement Division conducted an undercover investigation regarding Paper Moon that ultimately resulted in three days of hearings before the ABC Board. The ABC Board found that Paper Moon had violated thirty-four ABC regulations, and it revoked Paper Moon's permits.

Paper Moon appealed to the circuit court for review. ABC filed the transcript of the first two days of the hearing on June 12, 2021, but ABC was unable to produce a transcript

from the final day of the hearing due to technical difficulties. On July 6, 2020, the circuit court issued an order affirming ABC's decision to revoke Paper Moon's permits. Paper Moon then filed this timely appeal.

In *Moore v. King*, 328 Ark. 639, 945 S.W.2d 358 (1997), the Arkansas Supreme Court set forth the rules governing judicial review of decisions of administrative agencies:

> On appeal, our review is directed, not toward the circuit court, but rather toward the decision of the agency. In review of an agency decision, the circuit court's review is limited to a determination of whether there was substantial evidence to support the agency's decision and, on appeal, the Supreme Court's review is similarly limited. Administrative agencies, as opposed to courts, are better equipped by specialization, insight through experience, and more flexible procedures to determine and analyze legal issues affecting their agencies. Questions concerning the credibility of witnesses and the weight to be accorded to the evidence presented lies within the prerogative of the agency, rather than the reviewing court.

> Substantial evidence is defined as valid, legal, and persuasive evidence or such relevant evidences as a reasonable mind might accept as adequate to support a conclusion. To establish an absence of substantial evidence it must be demonstrated that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusions.

> Administrative decisions should be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. The courts determine whether there has been an arbitrary or unwarranted abuse of discretion, even though considerable judicial restraint should be observed in finding such an abuse. An administrative decision should be reversed as arbitrary and capricious only when it is not supportable on any rational basis, not simply because the reviewing court would have acted differently. The party challenging the agency's decision must prove that such action was willful and unreasonable, without consideration and with a disregard of the facts or circumstances of the case.

328 Ark. at 643–44, 945 S.W.2d at 360–61 (internal citations omitted). The burden of proof is on the party challenging the agency decision. *Ark. State Bd. of Licensure for Prof'l Eng'rs & Prof'l Surveyors v. Callicott*, 2016 Ark. App. 476, at 4, 503 S.W.3d 860, 863.

On appeal, Paper Moon argues that nine of the thirty-four findings were unsupported by sufficient evidence. Specifically, Paper Moon states that five findings should be reversed as

lacking any evidentiary support because there was no recording or transcript of the testimony on which they were based. Additionally, Paper Moon alleges that the four allegations of solicitation, even if proven, do not state a violation of applicable administrative rules. However, we need not address the merits of these arguments because Paper Moon has not challenged the remaining twenty-three findings supporting the revocation of its permits. Instead, it simply states in the conclusion section of its brief that it "still disputes" those findings. Paper Moon has provided no substantive analysis for why those findings should be reversed.

We have consistently held that "[w]hen an appellant fails to attack an independent, alternative basis for a ruling, we will not reverse." *Sheppard v. Ark. Alcoholic Beverage Control Bd.*, 2014 Ark. App. 604, at 6, 447 S.W.3d 614, 618. Here, Paper Moon has not challenged the majority of the ABC Board's findings supporting revocation of its permits. Even if we agreed with Paper Moon's arguments on appeal, the remaining unchallenged findings would provide ample basis to affirm the revocation.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*John W. Walker, P.A.*, by: *Shawn G. Childs*, for appellant.

*Michael C. Lewis*, for appellee.