Cite as 2023 Ark. App. 226

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-22-309

| | |
|---|---|
| LAUREN DUENSING[1] | Opinion Delivered April 19, 2023 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60CV-21-6082] |
| V. | |
| ARKANSAS STATE MEDICAL BOARD | |
| APPELLEE | HONORABLE PATRICIA A. JAMES, JUDGE |
| | REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Dr. Lauren Duensing[1] appeals the Pulaski County Circuit Court order affirming the decision of the Arkansas State Medical Board (the Board). On appeal, Dr. Duensing argues that the Board's decision is (1) not supported by substantial evidence and (2) arbitrary, capricious, and characterized by an abuse of discretion. We reverse and remand for the Board to make specific findings of fact and conclusions of law.

Dr. Duensing is a pediatric rheumatologist. She obtained her medical license in August 2017. In December 2018, Dr. Duensing self-reported an alcohol-abuse problem to the Board and the Arkansas Medical Foundation (the Foundation). The Foundation is an

---

[1]The record indicates that Dr. Duensing's former name is Dr. Lauren Shipman.

organization that provides for the identification and treatment of physicians licensed by the Board who suffer from impairment.[2]

On January 14, 2019, the Board issued an emergency order of suspension and notice of hearing to Dr. Duensing, alleging a violation of Arkansas Code Annotated section 17-95-409(a)(2)(F) (Repl. 2010), which pertains to habitual indulgence in the use of alcohol that impairs skill and judgment in patient care.[3] The Board alleged that Dr. Duensing did not comply with the Foundation's recommendation for treatment.

On October 3, 2019, in lieu of a hearing, Dr. Duensing offered a consent agreement to the Board. Specifically, she agreed to resolve the pending issues by signing a contract with the Foundation, completing alcohol-abuse treatment, reimbursing the Board for the investigation and hearing costs, and returning to the Board at all requested times. The Board accepted Dr. Duensing's offer, and on October 8, it entered a consent order lifting the emergency suspension of her medical license and adopting the agreement as its own order.

On December 14, 2020, the Board issued another emergency order of suspension and notice of hearing to Dr. Duensing, again alleging alcohol abuse in violation of

---

[2]The Foundation was created pursuant to the Impaired Physician and Dentist Treatment Act, codified at Arkansas Code Annotated sections 17-80-201 et seq.

[3]Specifically, the statute permits the Board to revoke a license or impose penalties if a license holder has committed any acts or offenses defined as unprofessional conduct. Ark. Code Ann. § 17-95-409(a)(1). Unprofessional conduct includes habitual indulgence in the use of alcohol to such an extent as to render herself incapable of exercising that degree of skill and judgment in the treatment of her patients which the moral trust and confidence in her demands. Ark. Code Ann. § 17-95-409(a)(2)(F).

subdivision (a)(2)(F). The Board stated that the Foundation had revoked its advocacy of Dr. Duensing because it had received two separate evaluations deeming Dr. Duensing not safe to practice. On April 20, 2021, the Board amended its December 2020 order to additionally allege that Dr. Duensing had violated her Foundation contract by missing drug screenings and appointments, submitting untimely meeting reports, and failing to submit therapy or psychiatric reports.

On August 5, the Board held a hearing. The only two witnesses were Dr. Duensing and Dr. Bradley Diner, the Foundation's medical director. The administrative record, however, is voluminous and includes hundreds of pages of documents, including email correspondence, the Foundation's handbook and records, Dr. Duensing's criminal records, her medical records, her alcohol-and-drug screenings for multiple years, her attendance records for Alcoholics Anonymous meetings for multiple years, and a polygraph-examination report.

Following the hearing, on August 26, the Board entered an order finding that Duensing had violated Arkansas Code Annotated section 17-95-409(a)(2)(F) and that she should be sanctioned pursuant to Arkansas Code Annotated section 17-95-410 (Repl. 2010). The Board revoked her medical license, but it ordered that the revocation be stayed. The Board further ordered Duensing to remain in compliance with the terms of her contract with the Foundation.

In the findings-of-fact section of the order, the Board recounted the procedural history of the case and referred to its previous orders and continuances of hearings. The Board further stated,

> In the August 5, 2021 hearing, Dr. Bradley Diner reported Dr. Duensing has signed a new contract with the Foundation that is in effect from April 16, 2021 until April 16, 2031. Dr. Diner reported that there have been no violations since March 2021, and Dr. Duensing is in full compliance with the contract as of June 2021, when she secured a second therapist who has the ability to see Dr. Duensing twice a week as her Foundation contract requires. She has the full advocacy of the Foundation to return to practice.

Dr. Duensing petitioned for judicial review of the Board's order by the Pulaski County Circuit Court pursuant to the Administrative Procedure Act (APA).

On March 22, 2022, the circuit court entered an order affirming the Board's decision. Dr. Duensing appealed the circuit court's order to this court. We cannot decide the substantive issues at this time because the Board did not make specific findings of fact and conclusions of law as required by the APA.

Review of administrative agency decisions, by both the circuit court and the appellate court, is limited in scope. Ark. Code Ann. § 25-15-212(g)–(h) (Supp. 2021); *Ark. State Highway & Transp. Dep't v. RAM Outdoor Advert.*, 2015 Ark. App. 713, 479 S.W.3d 51. The standard of review to be used by both courts in determining the sufficiency of the evidence is whether there is substantial evidence to support the agency's findings. *RAM Outdoor*, 2015 Ark. App. 713, 479 S.W.3d 51. The appellate court's review is directed not toward the circuit court's decision but toward the agency's decision. *Id.* When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious,

4

or characterized by an abuse of discretion. *Id.* The party challenging the administrative agency's findings has the burden of proving an absence of substantial evidence. *Id.*

The APA requires that an administrative adjudication be accompanied by specific findings of fact and conclusions of law. Arkansas Code Annotated section 25-15-210 (Repl. 2014) provides in part the following:

> (b)(1) In every case of adjudication, a final decision or order shall be in writing or in the record.
>
> (2) A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

The Board must translate testimony and other evidence into findings of fact and then explain how those factual findings support the action taken by the Board. *Barnes v. Ark. Dep't of Fin. & Admin.*, 2010 Ark. App. 436. These requirements have long been seen as important in assuring more careful administrative consideration and in facilitating judicial review. *Voltage Vehicles v. Ark. Motor Vehicle Comm'n*, 2012 Ark. 386, 424 S.W.3d 281; *First State Bldg. & Loan Ass'n v. Ark. Savings & Loan Bd.*, 257 Ark. 599, 518 S.W.2d 507 (1975). Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Gore Eng'g Assocs., Inc. v. Ark. Contractors Licensing Bd.*, 2011 Ark. App. 640.

> A satisfactory specific finding of fact is
>
> a simple, straightforward statement of what happened. A statement of what the Board finds has happened; *not a statement that a witness, or witnesses, testified thus and so.* It is

stated in sufficient relevant detail to make it mentally graphic, i.e., it enables the reader to picture in his mind's eye what happened. And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law.

*Wright v. Am. Transp.*, 18 Ark. App. 18, 21, 709 S.W.2d 107, 109 (1986) (emphasis added) (quoting *Whispering Pines Home for Senior Citizens v. Nicalek*, 333 N.E.2d 324 (Ind. Ct. App. 1975)); *see also Barnes*, 2010 Ark. App. 436 (recitation of witness testimony is not a satisfactory finding of fact). A conclusory statement that does not detail or analyze the facts on which it is based is not sufficient. *Maez v. Dir.*, 2009 Ark. App. 661. Neither the circuit court nor this court may supply findings by weighing the evidence; that function lies with the administrative agency. *See Ark. Savings & Loan Ass'n Bd. v. Cent. Ark. Savings & Loan Ass'n*, 256 Ark. 846, 510 S.W.2d 872 (1974); *Ark. State Bd. of Chiropractic Exam'rs v. Currie*, 2013 Ark. App. 612. When an administrative agency fails to make findings on issues of fact, the courts do not decide the questions in the first instance; instead, the cause is remanded to the agency so that findings can be made. *Gore Eng'g*, 2011 Ark. App. 640.

In this case, the Board failed to translate the testimony or evidence into findings of fact. The Board merely listed the procedural history and recited Dr. Diner's testimony. Without proper findings, we cannot determine the Board's view of the facts or the basis for its conclusion that Dr. Duensing engaged in habitual indulgence in the use of alcohol that impaired her skill and judgment in patient care in violation of Arkansas Code Annotated section 17-95-409(a)(2)(F). Accordingly, we must reverse and remand to the Board for further proceedings consistent with this opinion.

On appeal, Dr. Duensing agrees that the Board failed to make the required findings of fact, but she opposes remand and claims the record clearly shows that there is no substantial evidence to support the Board's decision. We disagree. Dr. Duensing's argument essentially asks us to weigh the evidence in the record. However, we cannot supply findings by weighing the evidence; that function is the Board's responsibility. Further, the statute expressly permits us to remand for further proceedings. Ark. Code Ann. § 25-15-212(h); *Currie*, 2013 Ark. App. 612.

Although we remand this case to the Board for findings of facts and conclusions of law, we take this opportunity to note that the electronic record in this case is deficient. Rule 7(b)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that the electronic record shall be saved as bookmarked PDF files and that bookmarks shall be made to each document in the record and at the beginning of each witness's testimony. The administrative record in this case encompasses record pages 11 through 457 and includes the transcript from the Board hearing. However, none of the documents or testimony are bookmarked, and the documents do not appear in any type of order. Before a subsequent appeal, we urge the parties to review the rules on electronic records and record contents. We also emphasize that the examples we have noted are not to be taken as an exhaustive list of deficiencies, and counsel should carefully review the rules and ensure no other deficiencies exist.

Reversed and remanded.

GRUBER and MURPHY, JJ., agree.

*Gill Ragon Owen, P.A.*, by: *Drake Mann*, for appellant.

7

*Juliane Chavis*, Arkansas Attorney General's Office, for appellees.